# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALLEN BROHN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED SATES OF AMERICA,<br><br>Respondent. | 1:08-CR-00271  AWI<br>1:09-CR-00025  AWI<br>1:11-CV-00893  AWI<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**Doc. # 40**<br><br>**Also resolves Doc. #'s 118, 119, 121, 123, 127, 128, and 129** |

On March 7, 2009, Jeffrey Brohn ("Petitioner") was convicted by plea of guilty pursuant to a negotiated plea agreement to one count each of (1) violation of 18 U.S.C. § 2422(b) (use of interstate commerce to entice or coerce a minor to engage in criminal sexual activity; (2) violation of 18 U.S.C. § 2423(b) (interstate travel with intent to engage in illicit sexual conduct with a minor, and attempt; and (3) failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). The first two counts (the sexual inducement charges) were alleged in case number 08cr0271 and several months later the failure to register charged was alleged in a separate case numbered 09cr0025. On May 19, 2010, Petitioner was sentenced to a term of 88 months custody and a 5-year term of supervised release. Judgment was entered on May 26, 2010. The instant motion to vacate, set

aside or correct the sentence pursuant to 28 U.S.C. § 2255 (hereinafter, Petitioner's "Motion") was filed on May 31, 2011. For the reasons that follow, Petitioner's motion will be denied.

## WAIVER AND PROCEDURAL DEFAULT

A central fact in this case is that two cases, 08cr0271 and 09cr0025, were consolidated for purposes of sentencing and were settled by a single plea agreement. The plea agreement Respondent contends Petitioner signed (the "Plea Agreement") specified that the sentence imposed for the settlement of all charges against Petitioner would be 96 months. The Plea Agreement also contained a waiver of the right to appeal or to challenge the sentence or conviction by way of writ of habeas corpus. Petitioner's Motion challenges both his conviction and sentence pursuant to the federal habeas corpus statute and consequently is in contravention of the terms of the plea agreement. The initial focus of the court's consideration of Petitioner's Motion, therefore, is whether the waiver of the right to bring the challenge contained in the Plea Agreement must be given effect.

Respondent filed an opposition to Petitioner's motion on March 23, 2012. Respondent's opposition appends the records of hearings pertaining to Petitioner's motion to withdraw the plea and his motions prior to sentencing. The records appended to Respondent's opposition are: Doc. # 122-1 (hearing of February 11, 2010, on Petitioner's motion to withdraw plea); Doc. # 122-2 (hearing on sentencing held on March 1, 2010); Doc. # 122-3 (Doc. # 122-3 (sentencing hearing held April 12, 2010); and Doc. # 122-4 (hearing of May 19, 2010 on Petitioner's motion for new counsel, objections re: presentence report and sentencing). For convenience, the court will refer to these attachments to Respondent's opposition in the discussion that follows.

**A. Procedural Default**

A section 2255 motion is not to be used as a substitute for a direct appeal. If the type of claim is one normally raised on direct appeal -- i.e., a record-based claim -- it is barred from section 2255 review absent a showing of cause and prejudice. See Bousley v. United States, 523 U.S. 614, 623-624 (1998) (holding that defendant procedurally defaulted section 2255 claim by failing to raise claim on direct appeal because claim was based exclusively on facts contained in

the transcript); see also, Massaro v. United States, 538 U.S. 500, (2003) (stating in dicta that "claims not raised on direct appeal may not be raised on collateral review"); English v. United States, 42 F.3d 473, 477 (section 2255 movant barred from raising claim if he or she committed "double default" by violating procedural rule in trial court and failing to raise the issue on direct appeal).

The court has carefully reviewed Respondent's opposition and the attached records of court proceedings and agrees with Respondent that all of the grounds alleged by Petitioner for relief, arguably excepting the claims related to SORNA, were raised at least once before the trial court.  Of particular importance to the issue of procedural default, is Petitioner's allegation that the plea agreement that Petitioner signed was not the plea agreement that was filed with the court.  The fact that the plea agreement that Petitioner saw and signed had notes handwritten on the cover page and handwritten notes interlineated in the text was raised to the court.  See Doc. # 122-1 at 8-10 (raising issue for the first time and explanation of replacing the cover page by Mr. Gappa); Doc. # 122-3 (noting the issue was raised in formal objection by Petitioner prior to sentencing and the fact of prior ruling on disposing of the objection); Doc. # 122-4 (noting formal motion to invalidate plea agreement filed by Petitioner *pro se* and denial of same by court).  In addition, Petitioner's contention that the court should have consulted the 2005 edition of the Sentencing Guidelines, rather than the 2008 edition was thoroughly discussed on the record.  See, Doc. # 122-2 at 6,10-11 (addressing Petitioner's contention and finding use of either edition would not have produced a difference from the agreed-upon 96 month sentence).

In addition, interlaced throughout the four appended records of hearings preceding and at sentencing are discussions addressing Petitioner's contentions that he had a reasonable basis to believe he had not agreed to a sentence of 96 months but that he had agreed to two terms of 60 and 36 months to be served consecutively for a total of 60 months.  See, e.g. Doc # 122-1 at 24-25 (rejecting motion to withdraw plea agreement based on misunderstanding of agreed term of imprisonment or errors in Rule 11 advisements).  Similarly, laced throughout the four records of

courtroom proceedings are discussions raising and rejecting Petitioner's contentions that he was confused, mislead or that his entry into the plea agreement was uninformed.

The Supreme Court's decision in Blously holds specifically that the voluntariness or intelligence of the plea may not be challenged in a collateral attack unless it "is first challenged on direct review." 523 U.S. at 621.  Similarly, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" Id. (quoting Reed v. Farley, 512 U.S. 339, 354 (1994) (internal quotations and citation omitted).  Consequently, the exhaustive review by the trial court of Petitioner's contentions regarding the authenticity of the Plea Agreement prior to sentencing means the issue cannot be raised on collateral review unless it was raised first on direct appeal.  The court concludes that, at minimum, Petitioner has procedurally defaulted on any claim that the plea agreement that was referenced by the court during his sentencing was different than the one he signed; that Petitioner was uninformed as to the length of the term of confinement that he had agreed was reasonable; that he was inadequately informed or misinformed during the Rule 11 colloquy; that his acceptance of the plea agreement was anything other than knowing and voluntary or that reference to the 2008 sentencing guidelines was inappropriate in any way.

As noted above, Petitioner is barred from raising the issues enumerated above *unless* he can show either *cause* for the failure to raise the issues on direct appeal or *actual prejudice*. Blousley 523 U.S. at 623-624.  Petitioner's Motion offers as cause for failure to appeal only the allegation that Petitioner was not made aware of the right to appeal and that he was informed that his plea agreement was "the end of the line." Doc. # 40 at 3.  This explanation is both contrary to fact and insufficient as a matter of law.  At the hearing on April 12, 2010, Judge Wanger noted that he had asked for an appellate attorney to be present in recognition of the fact that, notwithstanding the waiver of the right of appeal, Petitioner had "other issues, so out of an abundance of caution I asked [the appellate attorney] to be here." Doc. # 122-3 at 6:11-16.  At the sentencing hearing on May 19, 2010, Petitioner's counsel, Ms. O'Neill, noted that she had notified the Federal Defendant's office about Petitioner's concerns regarding appeal and that Ms.

Phillips had been "tentatively appointed." Doc. # 122-4 at 46. The government objected to the appointment of appellate counsel since the right to appeal had been waived. The court agreed that the Plea Agreement was intact and that the right to appeal had been waived, but advised Petitioner that it would be left to him to determine what course of action would be in his best interest. Id. at 45-46. It is clear from the record that Petitioner was thoroughly advised as to the status of his right to appeal under the Plea Agreement and that he was informed of the possible consequences of appeal and that he decided consciously not to appeal in view of the information that was communicated to him; not out of any ignorance of judicial procedures.

As to actual prejudice, Petitioner cannot make the required showing because he admitted to the conduct that was the factual basis of the charges against him. In the context of excuse from procedural default, "actual prejudice" means that, as a result of an error in the plea colloquy, there probably resulted "the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Rather than offer any facts to support a claim of actual innocence, Petitioner simply alleges a number of topics or issues that he contends *might* have resulted in the offer of a lower sentence had the topics been properly considered. Basically, what Petitioner argues is that he might have done better under other circumstances. This is far from "actual prejudice," and clearly insufficient for purposes of being excused from procedural default.

**B. Waiver**

Petitioner entered a plea of guilty pursuant to the Plea Agreement at a hearing held on March 27, 2009. The record of that hearing reflects that Petitioner was informed by the court that as a part of the Plea Agreement:

> You are, with actual knowledge, giving up, as part of the plea agreement, any rights under the constitution or the law to seek review of your case in a higher court by direct appeal from this Court to a higher court by direct appeal, by filing another case in this court or another court after you"re convicted, seeking review. Essentially you are giving up all rights, including the right to review on habeas corpus your plea, conviction and your sentence. Do you?

"The right to attack a judgment collaterally is statutory. [Citation.] A knowing and

voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." United States v. Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). However, a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9 Cir. 1993). Since, as noted, a knowing and voluntary waiver of a right is valid, the challenge to the validity of a waiver is typically based on the allegation that the defendant's attorney was ineffective in carrying out the essential duty of fully informing the defendant of the nature and consequences of the plea and, in particular, of the nature of the rights being waived.

In United States v. Pruitt, 32 F.3d 431 (9th Cir. 1994), the appellate court observed, "[w]e doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." Id. 433. In light of the Puritt court's apparent acceptance of claims of ineffective assistance of counsel, this court notes it is a common feature of post-conviction habeas petitions that claims of error are framed as instances of ineffective assistance of counsel in order to avoid the effects of waivers such as the waiver involved in this case. See United States v. White, 307 F.3d 336, 341 (5th Cir. 2002) ("White") (noting that Pruitt was the first federal appellate case to hold waiver ineffective where the waiver was the result of counsel's ineffective inducement). However, this court shares the concern of other courts that broad application of a rule that exempts claims of ineffective assistance of counsel from plea agreement waivers undercuts the value of waivers generally since almost any habeas claim can be cast in terms of ineffective assistance of counsel. See White, 307 F.3d at 344 (if all ineffective assistance of counsel claims survive waiver, waivers of appeal rights would be rendered meaningless); United States v. Djelevic, 161 F.3d 104, 106 (2nd Cir. 1998). Based on the thorough discussion in White, this court concludes that where waivers of rights to appeal or

to collaterally attack a sentence or conviction are knowingly and voluntarily accepted as part of a negotiated plea agreement and where the petitioner's cannot show that the plea was unknowing or involuntary, the waivers will be held enforceable against all claims for relief including those expressed as ineffective assistance of counsel. See, generally, 307 F.3d at 341 - 344.

The Supreme Court has held that, in the context of guilty pleas, the two-part test for ineffective assistance of counsel established by Strickland v. Washington, 466 U.S. 668 (1984), applies and that in order to meet the prejudice prong of that test a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985. Petitioner's attempt to avoid the consequences of his waiver of rights to appeal or collaterally attack his conviction or sentence fails for two reasons. First, as discussed above, any claim of error in his attorney's performance and any misperception that Petitioner has alleged he was influenced by in signing the Plea Agreement has been thoroughly discussed in the hearings preceding and including Petitioner's sentencing hearing and Petitioner has procedurally defaulted on those claims. Second, and perhaps more conclusively, Petitioner never alleges or even hints that he would have refused the plea agreement and gone to trial had he been otherwise informed by his attorney. As previously noted, Petitioner's recurrent claim is that, had his counsel adequately represented his interests during the plea bargaining phase of the proceedings, Petitioner may have received a better offer. Petitioner's contention regarding the prejudice suffered falls far short of the level of prejudice required by Hill.

The court finds that Petitioner's contention that he unknowingly or involuntarily entered into the Plea Agreement because he suffered ineffective assistance of counsel is without merit. The court will therefore give effect to the waiver of rights to appeal or collaterally attack his conviction or sentenced as agreed to in the Plea Agreement.

//

//

**LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

**DISCUSSION**

Petitioner Motion asserts a total of fifteen "grounds" or "claims for relief."  For purposes of this discussion, Petitioner"s grounds for relief fall into two categories; those that involve his conviction for violation of the registration requirements of SORNA and those that do not.  In grouping Petitioner"s grounds for relief in this way, the court is relying on Respondent"s admission that the previsions that the registration requirement of SORNA were not applicable to

Petitioner at the time of his indictment for that violation.  Respondent therefore admits that Petitioner‟s conviction for violation of SORNA is invalid.  However, Respondent also contends that Petitioner is entitled to no relief because, under the grouping rules used in the computation of his sentence, his conviction pursuant to SORNA did not result in a sentence that was any longer than would have been the case without the conviction for violation of SORNA.  The court finds this issue was addressed during sentencing and that Respondent‟s contention is correct.  See Doc. # 122-4 at 42:9-15.  The court will therefore vacate Petitioner‟s conviction under 18 U.S.C. § 2250 but will find that Petitioner is not entitled to any other relief.

As to the remainder of Petitioner‟s grounds for relief, the court finds that Petitioner is conclusively entitled to no relief because each of the listed grounds has either been waived or procedurally defaulted.  The court will very briefly summarize the Petitioner‟s grounds for relief that are not related to his conviction for violation of SORNA and the reasons relief is denied on those grounds .

1. Ground 5: Presentence Report contains inaccurate information – Waived.
2. Ground 6: Court did not consider Presentence Report before accepting plea – Waived.
3. Ground 7:  Error in calculating ranges – Procedurally Defaulted
4. Ground 8: Conflict of Interest – Procedurally Defaulted
5. Ground 9: Plea was uninformed and Involuntary – Procedurally Defaulted and Unsupported
6. Ground 10:  Exculpatory evidence withheld or not provided – Waived and non-prejudicial
7. Ground 11:  Ineffective assistance of counsel – Pretrial and Plea phases – Procedurally Defaulted.
8. Ground 12: Ineffective assistance of counsel – post- substitution of counsel –

Procedurally Defaulted and Unsupported

9. Ground 15: Improper charge of attempt and commission of crime – Waived

THEREFORE, for the reasons set forth above, it is hereby ORDERED that Petitioner's motion to vacate, correct or set aside his sentence or conviction pursuant to 28 U.S.C. § 2255 is hereby DENIED.  No Certificate of Appealability will be issued.  The Clerk of the Court shall VACATE the judgment in Case # 09cr0025.

IT IS SO ORDERED.

Dated:   March 24, 2015                    _____
                                                                                    SENIOR  DISTRICT  JUDGE