IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ALLEN BROHN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED SATES OF AMERICA,<br><br>Respondent. | 1:09-CR-00025-AWI<br>1:08-CR-00271-AWI<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR RETURN OF $100 MANDATORY PENALTY ASSESSMENT**<br><br>**Resolves:**<br>**Docs. 133 & 134 (1:08-cr-00271-AWI)**<br>**Docs. 82, 84, & 85 (1:09-cr-00025-AWI)** |

On March 24, 2015, the court issued a memorandum opinion and order (the "March 24 Order") denying the motion of petitioner Jeffrey Allen Brohn ("Petitioner") to correct vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. Although the March 24 Order denied relief as far as Petitioner's sentence is concerned, the court recognized that, pursuant to the admission of the Government, Petitioner's conviction in case 09cr025 for failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SNORA") became invalid upon the filing of the opinion of the Ninth Circuit Court of Appeals in Reynolds v. United States, 132 S.Ct. 975 (2012). The Government admitted, and the court's March 24 Order reflected, that under United States v. Valverde, 628 F.3d 1159 (9th Cir. 2010) as clarified by the Supreme Court in Reynolds, the date upon which individuals who failed to register under SNORA following convictions that occurred *before* the enactment of SORNA could be held criminally liable for failure to register as sex offenders was August 1, 2008. As the Government's

opposition to Petitioner's 2255 motion pointed out, Petitioner was charged with failure to register under SORNA based on conduct that occurred in 2007; a date that was after the enactment of SORNA but prior to the date determined by Valverde and Reynolds upon which the failure to register became criminal. Based on the Government's analysis and factual representations, the court vacated the conviction in Case Number 09cr025.

On July 24, 2015, Petitioner moved for return of his $100 penalty assessment in Case Number 09cr025. The presumed basis for Petitioner's motion was that since the conviction was vacated and Petitioner had paid the penalty assessment, he was entitled to the return of the money paid when the conviction was vacated. The court denied Petitioner's motion for return on July 17, 2015. Doc. # 80. The court has reviewed its order denying Petitioner's motion in light of Petitioner's request for reconsideration. For the following reasons the court finds that its denial of Petitioner's motion for return of the mandatory penalty assessment was proper, but the reason stated was erroneous.

In giving consideration to Petitioner's motion, the court erroneously consulted only the docket report pertaining to case 09cr025 which notes the judgment on the single count alleged in that case and notes the imposition of the mandatory $100 penalty assessment. Absent from the court's analysis was the fact that the judgment in case 08cr271 reflected an additional two $100 assessments imposed for the two counts of conviction in that case. Thus, as Petitioner points out, he paid a total of three $100 mandatory penalty assessments; one for each count of conviction as of the time judgment was entered in his cases.

Pursuant to 18 U.S.C. § 3013(a)(1)(B), district courts assess a $100 against an individual per each count of conviction of a felony. United States v. Brooks, 610 F.3d 1186, 1194 n.1 (9th Cir. 2010). The purpose of the mandatory penalty assessment is to fund the Crime Victims Assistance fund established by the Victims of Crimes Act. See United States v. Herrada, 887 F.2d 524, 527 (5th Cir. 1989). As discussed above, Petitioner's conviction on three counts was pursuant to established law in this circuit at the time of his conviction. The imposition of three $100 mandatory penalty assessments was therefore legally correct at the time judgment was

entered and the penalty assessments were imposed. Since Petitioner now seeks return of a penalty assessment or assessments that were lawful at the time they were imposed, it is Petitioner's burden to show that he is legally entitled to the return of assessments that were lawful at the time they were imposed and that the court has legal authority to order the return of the assessment or assessments. The court is not aware of any authority for the proposition that the vacating of a sentence based on a change in law that occurs following the lawful imposition of the mandatory penalty assessment entitles the defendant to the return of the assessment amount or that a district court has authority to direct the return of mandatory penalty assessments once the assessment is lawfully imposed, collected and transferred to the appropriate state or federal authority. Because Petitioner has failed to carry his burden to show a legal basis for entitlement to the return of funds he seeks, his motion will be denied without prejudice.

THEREFORE, for the reasons discussed above, it is hereby ORDERED that Petitioner's motion for reconsideration of the court's order denying return of the mandatory assessment penalty assessment resulting from his conviction in Case Number 09cr025 is DENIED. This order resolves Petitioner's filings at Docket Numbers 82, 84 and 85 in Case Number 09cr025. Because the same request for reconsideration was filed in Case Number 08cr271, this order also resolves Docket Numbers 133 and 134 in that case.

IT IS SO ORDERED.

Dated:   September 30, 2015                        _____
                                                                            SENIOR DISTRICT JUDGE